MARC S. HINES (SBN 140065)
mhines@hinescarder.com
MICHELLE L. CARDER (SBN 174481)
mcarder@ hinescarder.com
CHRISTINE M. EMANUELSON (SBN 221269)
cemanuelson@ hinescarder.com
SHANNA E. BURKHOLDER (SBN 277121)
sburkholder@hinescarder.com
**HINES CARDER**
3090 Bristol Street, Suite 300
Costa Mesa, California 92626
Tel.: (714) 513-1122
Fax: (714) 513-1123

Counsel for Defendant,
**NATIONWIDE MUTUAL INSURANCE COMPANY**

STEPHEN SOLANO (SBN 80692)
stephensolano@hotmail.com
Attorney at Law
1119 12th Street, Suite 1
Modesto, California 95354
Tel: (209) 571-2490
Fax: (209) 576-2235

Counsel for Plaintiff,
**LELAND GARNER**

# THE UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA – FRESNO DIVISION

| | |
|---|---|
| LELAND GARNER,<br><br>           Plaintiff,<br><br>vs.<br><br>NATIONWIDE MUTUAL INSURANCE C OMPANY, ALLIED INSURANCE COMPANY, and DOES 1-100,<br><br>           Defendants. | CASE NO. 1:10-CV-1631-AWI-SMS<br><br>**STIPULATION OF PARTIES TO COMPLETE THE EXPERT DEPOSITION OF CHARLES MILLER AND ORDER THEREON**<br><br>*Sandra M. Snyder, U.S. Magistrate Judge*<br><br>*[Proposed Order filed concurrently herewith.]* |

  Plaintiff, LELAND GARNER ("Plaintiff"), and Defendant, NATIONWIDE MUTUAL INSURANCE COMPANY ("Nationwide"), by and through their

counsel of record, jointly submit the following Stipulation of the parties to complete the expert deposition of Charles Miller after the May 10, 2013, deadline as ordered by the Court in its April 10, 2013 order (Document No. 99).

## **RECITALS**

1. WHEREAS, the parties filed a joint stipulation to take expert depositions after the expert discovery deadline and to extend the last day to file dispositive motions on April 9, 2013 (Document No. 97).

2. WHEREAS, the parties had agreed Nationwide would take the deposition of Charles Miller, on May 10, 2013, and such date was included in the joint stipulation to take expert depositions after the expert discovery deadline and to extend the last day to file dispositive motions.

3. WHEREAS, on April 10, 2013, the Court filed an order allowing the parties to take expert depositions after the expert discovery deadline and amended the Fourth and Final Scheduling Order to extend the last day to file dispositive motions to May 31, 2013 (Document No. 99)

4. WHEREAS, the Court's order specified the parties were permitted to take the depositions of the experts after the expert discovery deadline on the dates set forth in the parties' stipulation.

5. WHEREAS, Nationwide commenced taking the deposition of Charles Miller on May 10, 2013.

6. WHEREAS, prior to completing the deposition of Charles Miller on May 10, 2013, the deponent testified he could no longer continue the deposition as the it was mentally and physically wearing on him and that it was affecting his ability to focus, be deposed and properly answer questions.

7. WHEREAS, because Charles Miller testified he could not continue his deposition on May 10, 2013, the parties agreed the completion of deposition would be continued to a date amenable to all parties.

8.	WHEREAS, the parties have agreed Nationwide will complete the deposition of Charles Miller on May 24, 2013, at 9:00 am.

9.	WHEREAS, the parties seek to allow Nationwide to complete the deposition of Charles Miller on May 24, 2013, which date is after the date the Court ordered the parties to complete the expert depositions in this matter.

## STIPULATION

The parties stipulate and agree to allow Nationwide to complete the expert deposition of Charles Miller on May 24, 2013, which deposition was previously ordered by the Court to be completed on May 10, 2013.  As set forth herein, and in the Declaration of Shanna Burkholder, good cause exists for the Court to grant the parties' requests.

**SO STIPULATED.**

DATED: May 19, 2013		**STEPHEN SOLANO, Attorney at Law**

			/s/
			Stephen Solano
			Attorney for Plaintiff, LELAND GARNER

DATED: May 19, 2013		**HINES CARDER**

			/s/
			Marc S. Hines
			Michelle L. Carder
			Christine M. Emanuelson
			Shanna E. Burkholder
			Attorneys for Defendant,
			NATIONWIDE MUTUAL INSURANCE COMPANY

3
STIPULATION AND PROPOSED ORDER TO COMPLETE THE EXPERT DEPOSITION OF CHARLES MILLER

# DECLARATION OF SHANNA E. BURKHOLDER IN SUPPORT OF STIPULATION TO COMPLETE THE EXPERT DEPOSITION OF CHARLES MILLER

I, Shanna E. Burkholder, declare as follows:

1. I am an attorney at law duly licensed to practice before all courts of the State of California, including the Eastern District Court of California, and am an associate of the law firm, Hines Carder, attorneys of record for Defendant, Nationwide Mutual Insurance Company, sued erroneously in the First Amended Complaint as Nationwide Mutual Insurance Company and Allied Insurance Company ("Nationwide").  This Declaration is made in support of the parties Joint Stipulation to complete the deposition of Charles Miller.  I have personal knowledge of the matters stated in this Declaration, and if called upon to do so, would competently testify to the facts stated herein.

2. The parties filed a joint stipulation to take expert depositions after the expert discovery deadline and to extend the last day to file dispositive motions on April 9, 2013 (Document No. 97).

3. The parties had agreed Nationwide would take the deposition of Charles Miller, on May 10, 2013, and such date was included in the joint stipulation to take expert depositions after the expert discovery deadline and to extend the last day to file dispositive motions.

4. On April 10, 2013, the Court filed an order allowing the parties to take expert depositions after the expert discovery deadline and amended the Fourth and Final Scheduling Order to extend the last day to file dispositive motions to May 31, 2013 (Document No. 99)

5. The Court's order specified the parties were permitted to take the depositions of the experts after the expert discovery deadline on the dates set forth in the parties' stipulation.

6.      Nationwide commenced taking the deposition of Charles Miller on May 10, 2013.

7.      Prior to completing the deposition of Charles Miller on May 10, 2013, the deponent testified he could no longer continue the deposition as the it was mentally and physically wearing on him and that it was affecting his ability to focus, be deposed and properly answer questions.

8.      Because Charles Miller testified he could not continue his deposition on May 10, 2013, the parties agreed the completion of deposition would be continued to a date amenable to all parties.

WHEREAS, the parties have agreed Nationwide will complete the deposition of Charles Miller on May 24, 2013, at 9:00 am.

9.      Good cause exists for the Court to grant the parties' requests to complete the deposition of Charles Miller on May 24, 2013, as Nationwide attempted to complete the deposition on the date ordered by the Court but was unable to do so as a result of the mental and physical condition of the deponent. Nationwide could not continue the deposition to completion on May 10, 2013, as any testimony obtained after Charles Miller stated he could not continue may have been inadmissible testimony.  Nationwide's inability to complete the deposition of Charles Miller on May 10, 2013, was through no fault of its own and it should not be precluded from obtaining the remaining relevant testimony.

I declare under penalty of perjury under the laws of the State of California that the foregoing facts are true and accurate.

Executed this 20th day of May, 2013, at Costa Mesa, California.

\_\_\_/s/_____
Shanna E. Burkholder

Good cause appearing, pursuant to the Stipulation of the parties, Nationwide Mutual Insurance Company may complete the expert deposition of Charles Miller on May 24, 2013.

**IT IS SO ORDERED.**

Dated:  5/20/2013                              /s/ SANDRA M. SNYDER
                                                              SANDRA M. SNYDER
                                                              UNITED STATES MAGISTRATE JUDGE